**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JODY R.O. CARR, | No. 17-35287 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00133-CWD |
| v. | |
| STELZER, Cpl.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before: BEA and MURGUIA, Circuit Judges, and KEELEY,** District Judge.

Plaintiff-Appellant Jody Carr, an inmate at the Idaho Department of Corrections, appeals the district court's dismissal of his Eighth Amendment and access-to-court claims, denial of his Motion for Preliminary Injunctive Relief, and grant of summary judgment in favor of Sergeant Jesse Segadelli and Corporal

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

Steve Stelzer on Carr's 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1331, and we affirm in part, reverse in part and remand.

    1. We review a dismissal for failure to state a claim de novo. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). To survive dismissal, a plaintiff is required to plead enough facts to state a claim for "relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Carr asserts that the district court erred in dismissing his Eighth Amendment claim. In his Original Complaint, Carr alleged generally that defendants "violated his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights." Without more, Carr's threadbare Eighth Amendment allegation is not enough for the court to infer "that the defendant[s are] liable" for violating Carr's Eighth Amendment rights. *See Iqbal*, 556 U.S. at 678. Therefore, the district court did not err in dismissing Carr's Eighth Amendment claim in his Original Complaint for failure to state a claim. Additionally, because Carr failed specifically to identify facts to support his Eighth Amendment claim in his Amended Complaint, despite the district court's instructions to do so, the district court did not abuse its discretion in denying him leave to amend. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Carr also asserts that the district court erred in dismissing his access-to-court claim. In his Original Complaint, Carr alleged that Corporal Kimes violated his right to access the courts by stealing some of his legal papers under the guise of conducting an "inventory." It is established "beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The touchstone of an access-to-court claim is that the claimant must have "meaningful access." *Id.* at 824 (internal citations and modifications omitted). This right extends to prison grievance procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001) (citing *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989)). However, in both his Original and Amended Complaints, Carr failed to allege any specific instances where his ability to bring a lawsuit was compromised. Therefore, the district court did not err in dismissing his access-to-court claim in the Original Complaint, and the district court did not abuse its discretion in denying Carr leave to amend his access-to-court claim. *See Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989) (plaintiff must allege an "actual injury" to court access such as a specific instance "in which an inmate was actually denied access to the courts") (citing *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982) *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In sum,

Case 1:17-cv-00135-CWD Document 55-1 Filed 05/02/18 Page 3 of 6

3

we affirm the district court's dismissal of Carr's Eighth Amendment and access-to-court claims.

2. Carr next asserts that the district court erred in denying his motion for Preliminary Injunctive Relief. On January 8, 2016, Carr filed a motion requesting that he be transferred to a minimum security prison in Orofino, Idaho. "[T]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009) *vacated and superseded on other grounds*, *Stormans, Inc. v. Selecky*, 586 F.3d 1109 (9th Cir. 2009). On appeal, our review is for abuse of discretion, "generally limited to whether the district court [1] employed the proper preliminary injunction standard and [2] whether the court correctly apprehended the underlying legal issues in the case." *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

Here, the district court applied the proper preliminary injunction standard to Carr's Motion and identified the correct legal issues. Therefore, we affirm the district court's denial of Carr's motion for preliminary injunction.

3. Finally, Carr contends that the district court erred in granting summary judgment for defendants on his First Amendment retaliation claim. "Prisoners have

4

a First Amendment right to file grievances against prison officials and be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). A First Amendment retaliation claim has five elements. *Id.* First, "the plaintiff must allege that the retaliated-against conduct is protected." *Id.* Second, the plaintiff must claim the defendant took an adverse action against the plaintiff. *Id.* Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Id.* Fourth, plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* (citation omitted). Finally, the plaintiff must allege that the prison official's retaliatory action did not "advance legitimate goals of the correctional institution." *Id.*

At the hearing on motion for summary judgment, defendants argued that they lacked the necessary retaliatory motive, and that none of the alleged adverse actions against Carr, such as threatening Carr and other inmates, were taken because Carr filed grievances with the American Civil Liberties Union ("ACLU"). Indeed, the defendants asserted that they did not know the inmates were corresponding with the ACLU, and that their alleged threats to the inmates served a legitimate penological purpose. However, in addition to his verified complaint, Carr filed 17 affidavits from other inmates in opposition to defendants' summary judgment motion, and most of those affidavits state that defendants threatened Carr

5

and other inmates that they would be stripped of their protective custody if they continued to file grievances or correspond with the ACLU. Viewing the evidence in the light most favorable to Carr, the inmates' affidavits and Carr's verified complaint, which assert that defendants threatened them *because of* their correspondence with the ACLU, create a genuine issue of material fact about whether the defendants threatened Carr in retaliation for Carr's exercise of his First Amendment rights. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (reversing the district court's grant of summary judgment on a prisoner's retaliation claim where the prisoner had supported his account of events with affidavits to "present[] specific facts which controvert the facts defendants asserted."); *see also Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc) ("A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence."). Therefore, we reverse the district court's decision granting summary judgment for defendants on Carr's First Amendment Retaliation claim and remand for further proceedings.

Each party shall bear their own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.